THE STATE, JACOB M. CLARK AND KETURAH M. CLARK, PROSECUTORS, v. THE CITY OF ELIZABETH.

1. A notice of the intention of council to open a street, under an amendment of the charter of the city of Elizabeth, (*Laws*, 1863, *p.* 145,) must be of such reasonable certainty as to inform owners of property whether they are to be affected or not by the laying out of the street.
2. A notice containing a description of the street to be opened, in which there is no certainty except as to the place of beginning, is not in compliance with the requirements of the charter.
3. In the appointment of commissioners to open the street, the provisions of the charter which require them to be freeholders of the city, residing, as near as may be, in different wards, must be complied with. A plain departure from them will vitiate the proceedings, although the persons appointed were not disqualified by being owners of the lands to be taken, or in any way interested in them.

*Certiorari* to remove an ordinance and assessment in laying out and opening a street in the city of Elizabeth.

Argued at June Term, 1867, before Justices BEDLE and DALRIMPLE, by—

W. J. *Magie*, for the prosecutors, and

R. S. *Green*, for the city.

The opinion of the court was delivered by

BEDLE, J.   It is only necessary to consider two questions in this case.   One affecting the validity of the ordinance, the other more particularly relating to the assessment.

1. The ordinance.   The ninety-third section of the act to revise and amend the charter of the city of Elizabeth, (*Laws*, 1863, *p.* 145,) provides that no ordinance shall be introduced or presented to the city council for making any improvement referred to in section ninety-two, (which includes the laying out and opening of a street,) until public notice shall be given of the intention of the council to cause such im-

provement to be made, and to that end makes it the duty of the street commissioner, by direction of the council, to give notice, in a newspaper of the city of such intention, " briefly describing such work or improvement, and requesting such persons as may object thereto, to present their objections in writing, at the office of the street commissioner or commissioners, on or before the expiration of ten days from the date of such notice, and at any time thereafter the city council may proceed to consider such ordinance as aforesaid."

The council, by resolution of March 13th, 1865, declared their intention " to order and cause Lafayette street, from its present northern terminus to· Meadow street, to be laid out and opened," and directed the street commissioner to give the necessary public notice. The notice published by the street commissioner described the proposed improvement in the very words of the resolution. This description is too indefinite. There is no designation of the direction or place of widening of the street. It was to be laid out and opened to Meadow street, but where is not stated, and the course not being given, there is nothing definite about the description but the place of beginning. Although the act requires only a brief description, yet it should be sufficient to reasonably inform the owners of property whether they will be affected or not by the laying out of the street.

The ordinance afterwards passed, properly described the improvement as " beginning at the present northerly terminus of said street (Lafayette street,) and running thence north-westerly in the lines of said street, proceed to Meadow street, said extension to be of the same width as the present width of Lafayette street."

Had the notice been as definite as that, the ordinance would have been good, but the ordinance cannot stand unless there has been such sufficient notice as the act requires. This notice was defective, and the ordinance, therefore; improperly introduced.

2. If the ordinance were good, the assessment is not. The ninety-sixth section of the charter describes the com-

State, Clark et al., pros., v. City of Elizabeth.

missioners to be appointed, in these words : " It shall be lawful for the city council to appoint five disinterested freeholders of said city, *residing, as near as may be, in different wards,* commissioners," &c.    There were six wards in the city.    The street was to be laid in the third.    Two of the commissioners resided in the sixth, two in the fourth, and one in the second ward.    None were appointed from the first, third, and fifth wards.    The resolution appointing the commissioners, after naming them, recites the words of the act, " residing, as near as may be, in different wards," but the written case agreed on shows that in those wards from which none were appointed, " resided freeholders, not the owners of lands taken, nor in any way interested in said lands, or the persons owning them."

In the appointment of surveyors of the highways, the Court of Common Pleas have, by the express terms of the road act, a discretion not to appoint any surveyor, for any reason which they shall deem sufficient, and that discretion will not be interfered with by this court, unless the Common Pleas should act capriciously, in violation of settled principles of law and equity.    *State* v. *Vanderveer,* 1 *Dutcher* 669 ; *Parsell* v. *State,* 1 *Vroom* 530.

The council have not such a discretion as the Common Pleas. The charter is imperative upon the council to appoint disinterested commissioners, residing, as near as may be, in the different wards of the city.    In this case it plainly appears that such commissioners could have been appointed from each of the six wards, and that there was no reason to justify the council in not doing it.

Let the ordinance, and the proceedings under it, be set aside.

Justice DALRIMPLE concurred.